UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

```
_____
                                )
WILLIAM CORTÉS-LUNA,            )
                   Plaintiff,   )
                                )
          v.                    )        CIVIL ACTION
                                )        NO. 3:19-cv-01721-WGY
BRISTOL-MYERS SQUIBB COMPANY;   )
BRISTOL MYERS SQUIBB PUERTO RICO,)
INC.; BRISTOL-MYERS SQUIBB      )
MANUFACTURING COMPANY; INSURANCE )
COMPANIES X, Y, and Z,          )
                                )
                   Defendants.  )
_____)
```

YOUNG, D.J.[1]                                    April 27, 2020

**ORDER**

Before the Court is defendant Bristol-Myers Squibb Puerto

Rico, Inc. ("BMS-PR") and Bristol Myers Squibb Manufacturing

Company's ("BMS-MC") (BMS-PR and BMS-MC are collectively "BMS

Defendants") partial motion to dismiss (Mot. Dismiss, ECF No. 9)

plaintiff William Cortés-Luna's ("Cortés") Complaint (Compl.,

ECF No. 1), and Cortés' opposition to the motion (Opp., ECF No.

15). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face," and, "[i]n determining

whether the complaint has done so, [the Court] accept[s] well-

---

[1] Of the District of Massachusetts, sitting by designation.

pleaded factual allegations in the complaint as true and view
all reasonable inferences in the plaintiffs' favor." Mehta v.
Ocular Therapeutix, Inc., No. 19-1557, 2020 WL 1808366, at *8
(1st Cir. Apr. 9, 2020) (citations and quotations omitted).  For
the reasons stated below the motion is ALLOWED in part and
DENIED in part as follows:

    1.  The motion to dismiss Cortés' discrimination and
retaliation claims under the Americans with Disabilities Act
("ADA"), 42 U.S.C. § 12101 et seq., (First and Second Causes of
Action) is DENIED.  "To obtain relief pursuant to ADA, a
plaintiff must demonstrate that '(1) he was disabled within the
meaning of the Act, (2) he could perform the essential functions
of his job, with or without reasonable accommodation, and (3)
the employer took adverse action against him, in whole or in
part, because of his disability.'" Arroyo-Ruiz v. Triple-S Mgmt.
Grp., 206 F. Supp. 3d 701, 710 (D.P.R. 2016) (Besosa, J.)
(quoting Roman-Oliveras v. Puerto Rico Elec. Power Auth., 655
F.3d 43, 48 (1st Cir.2011)).  Cortés "is not, of course,
required to prove these *prima facie* elements in order to survive
defendants' motion to dismiss."  Id. at 710-711. "Rather, his .
. . complaint must provide sufficient factual allegations for
the Court to conclude that they can plausibly be met." Id. at
711.  The BMS Defendants attack the first and second elements.
Mot. Dismiss 4-12.  As the First Circuit has held, the ADA

Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553,
("the ADAAA"), "ushered in a brave new world for disability
discrimination claims" whereby Congress expressly rejected the
"strict standards imposed on the definition of disability by the
Supreme Court and the EEOC" underscoring the intent to promote
"broad coverage of individuals…, to the maximum extent permitted
by the terms" of the ADAAA.  Mancini v. City of Providence by &
through Lombardi, 909 F.3d 32, 40 (1st Cir. 2018) (citation and
quotations omitted). Under the more relaxed standards post-
ADAAA, and taking all reasonable inferences in favor of Cortés,
the Court rules that he has sufficiently alleged an ADA
disability discrimination claim.

　　　BMS Defendants' motion to dismiss is also DENIED as to
Cortés' retaliation claim.  BMS Defendants argue that an ADA
retaliation claim cannot be premised on a request for long term
disability, and is more properly a time-barred ERISA claim under
29 U.S.C. §1140.  Mot. Dismiss 18-19. The Court disagrees with
the premise of the argument.  "To establish a prima facie case
of retaliation under the ADA, 'a plaintiff must show that (1)
she engaged in protected conduct, (2) she suffered an adverse
employment action, and (3) there was a causal connection between
the protected conduct and the adverse employment action.'"
Echevarria v. AstraZeneca Pharm. LP, 856 F.3d 119, 134 (1st Cir.
2017) (quoting Freadman v. Metro. Prop. & Cas. Ins. Co., 484

F.3d 91, 106 (1st Cir. 2007)).  "Requesting an accommodation is
protected conduct for purposes of the ADA's retaliation
provision." Freadman, 484 F.3d at 106; Williams v. Kennedy, 38
F. Supp. 3d 186, 196 (D. Mass. 2014) (Ponsor, J.). "[R]equesting
reasonable accommodation and/or disability-related benefits,
such as leaves of absence, may constitute protected conduct
under anti-retaliation provisions insofar as a retaliatory
action by an employer may dissuade a reasonable worker from
making such requests." Mercado Cordova v. Walmart Puerto Rico,
Inc., 369 F. Supp. 3d 336, 357 (D.P.R. 2019) (Delgado-Colón,
J.); see Echevarria, 856 F.3d 119, 132 (1st Cir. 2017) ("Although
we have previously suggested that there may be requested leaves
so lengthy or open-ended as to be an unreasonable accommodation
in any situation, . . ., we need not—and therefore do not—decide
that a request for a similarly lengthy period of leave [of
twelve additional months] will be an unreasonable accommodation
in every case.") (citation and quotations omitted).  BMS
Defendants' reliance on Pizzaro-Correa v. Puerto Rico Internal
Revenue Department, 267 F. Supp. 3d 369, 379 n.13 (D.P.R. 2017),
is unpersuasive inasmuch as that court merely observed in a
footnote the absence of authority for the proposition that
application for long term disability benefits is a protected
activity under Title VII of the Civil Rights Act of 1964.  Even
if the Court were to construe the ADA retaliation claim as an

ERISA claim as urged by BMS Defendants, BMS Defendants' statute
of limitation argument is meritless inasmuch as a Law 115 claim
is not barred by the statute of limitations, for the reasons set
forth in paragraph 3, _infra_.  Where the Court has ruled that the
request for long term disability benefits can be a reasonable
accommodation, and Cortés did not bring an ERISA claim, the
Court need not, and does not, address potential ERISA claims.

As to exhaustion, reading Cortés' apparently _pro se_ EEOC
charge liberally, Manning v. Abington Rockland Joint Water
Works, 357 F. Supp. 3d 106, 114 (D. Mass. 2019)(quoting
Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996)),
and taking all reasonable inferences in his favor on a largely
undeveloped record, Cortés has properly pleaded exhaustion.

2.   BMS Defendants' motion to dismiss the Law 44, P.R.
Laws Ann. tit. 1, §501 et seq. (Third Cause of Action) claims
based upon insufficiency of the allegations is DENIED inasmuch
as it mirrors the ADA claims, save for a Law 44 retaliation
claim as to which the motion is ALLOWED. "Law 44 is Puerto
Rico's counterpart to the ADA. . . and was intended to harmonize
Puerto Rico law with the federal statutory provisions of the
ADA." Torres v. Junto De Gobierno De Servicio De Emergencia, 91
F. Supp. 3d 243, 255 (D.P.R. 2015) (Gelpí, J.) (quotations and
citations omitted).  "The elements of proof for a claim under
Law 44 are essentially the same as those for establishing a

[5]

claim under the ADA" Id.  Where the Court has ruled that the ADA claim was adequately alleged, the Law 44 discrimination claim survives the motion to dismiss.  As to the Law 44 retaliation claim, BMS Defendants are correct that there is no retaliation provision under Law 44, and therefore any such retaliation claim is DISMISSED. See Figueroa-Carrasquillo v. Axiscare Health Logistic, Inc., No. CV 13-1718 (DRD), 2018 WL 8619913, at *16 (D.P.R. July 30, 2018) (Dominguez, J.); Natal Perez v. Oriental Bank & Tr., 291 F. Supp. 3d 215, 237 (D.P.R. 2018) (Gelpí, J.) ("Law 44 is the ADA's local counterpart, for everything but retaliation."); Maldonado v. Cooperativa De Ahorro, 685 F. Supp. 2d 264, 277 (D.P.R. 2010) (Gelpí, J.) (ruling that "contrary to ADA, Law 44 lacks a retaliation component.") (citation and quotation omitted); Torres-Alman v. Verizon Wireless Puerto Rico, Inc., 522 F. Supp. 2d 367, 402 (D.P.R. 2007)); but see Vergara v. Wesleyan Acad., Inc., No. CV 17-1013 (PG), 2019 WL 4199911, at *19 (D.P.R. Sept. 4, 2019) (Pérez-Giménez, J.) (denying summary judgment on Law 44 retaliation claim ).

   3.   BMS Defendants' motion to dismiss the Puerto Rico law claims brought under Law 44, Law 80, P.R. Laws Ann. tit. 29, §185a et seq. (Sixth Cause of Action), and Law 115 P.R. Laws Ann. tit. 29, § 194 et seq. (Seventh Cause of Action), on statute of limitations grounds is DENIED, but without prejudice. "Timeliness is an affirmative defense that 'may be raised in a

motion to dismiss provided the facts establishing the defense are clear on the face of the plaintiffs' pleadings.'" <u>White</u> v. <u>Maximo Solar Indus.</u>, No. CV 18-1913 (PAD), 2020 WL 698720, at *1 (D.P.R. Feb. 11, 2020) (Delgado-Hernández, J.) (quoting <u>Smith</u> v. <u>Condado Duo La Concha SPV, LLC.</u>, 140 F.Supp.3d 213 (D.P.R. 2015). "[D]ismissal is appropriate if 'the pleader's allegations leave <u>no doubt</u> that an asserted claim is time-barred.'" <u>Burgos-Diaz</u> v. <u>Hosp. Hima San Pablo-Bayamon</u>, No. CV 3:17-01081-WGY, 2017 WL 5900540, at *3 (D.P.R. Nov. 29, 2017) (quoting <u>LaChapelle</u> v. <u>Berkshire Life Ins. Co.</u>, 142 F.3d 507, 509 (1st Cir. 1998)). "When the complaint appears to comply with the statute of limitations, then the Court should permit discovery and allow the moving party to raise this argument later in a motion for summary judgment." <u>Id.</u>

"Puerto Rico's tolling principles are contained in Article 1873 of the Civil Code, which states, '[p]rescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor.'" <u>Maldonado-Gonzalez</u> v. <u>Puerto Rico Police</u>, 927 F. Supp. 2d 1, 10 (D.P.R. 2013) (quoting P.R. Laws. Ann. tit. 31, § 5303). "It is comfortably settled that an EEOC administrative proceeding is an 'extrajudicial claim' for the purposes of Puerto Rico's tolling provision." <u>Hernandez-Mendez</u> v. <u>Rivera</u>, 137 F. Supp. 3d 142,

157–58 (D.P.R. 2015).  "An extra judicial claim, such as an EEOC filing, must meet three criteria in order to toll the limitations period: [1] The claim must be made by the holder of the substantive right (or his legal representative), ... [2] it must be addressed to the debtor or passive subject of the right, not to a third party, ... and [3] it must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit." Maldonado-Gonzalez, 927 F. Supp. 2d at 10 (citations and quotations omitted).

BMS Defendants' motion to dismiss Cortés' Law 115 claims on statute of limitations grounds is DENIED.  Contrary to BMS Defendants' argument otherwise, "a three-year statute of limitation applies to these claims." [2] Mark Iaria v. Today's Television, Inc., No. CV 17-1319 (ADC), 2019 WL 1423691, at *5 (D.P.R. Mar. 28, 2019) (Delgado-Colón, J.); Law 115, P.R. Laws Ann. tit. 29, §194a(b) ("Any person claiming a violation of §§ 194 et seq. of this title may prosecute a civil action against the employer within three (3) years from the date in which the violation took place and request compensation for unearned

---

[2] BMS Defendants' reference to Puerto Rico Law 4 of January 26, 2017, the Puerto Rico Labor Transformation and Flexibility Act, ("Law 4-2017") is not properly before this Court inasmuch as it has apparently not been translated into the English language. See D.P.R. Civ. R. 5(g).  BMS Defendants have not submitted a certified translation, and because it is unclear whether this Act has any effect on Law 115, it is not considered for purposes of deciding the motion.

[8]

salaries, benefits and attorney's fees for the real damages suffered, for mental anguish, and reinstatement in his/her job."). BMS Defendants do not argue that the Law 115 claim was filed outside the three-year statute of limitations.

As to the Law 44 and Law 80 claims, BMS Defendants' claim there is insufficient identity between the claims, both as to the facts alleged and the relief sought, to warrant interruption of the statute of limitations. Mot. 22-23. As to the facts alleged, the EEOC charge is sufficiently identical taking all inferences in favor of Cortés for purposes of interrupting the statute of limitations as to both claims. As to the identity of relief sought, BMS Defendants claim, without citation to any authority, that the absence of specific relief being sought in the <u>pro se</u> EEOC charge,[3] and later more specific monetary damages claims and request for injunctive relief makes the relief sought non-identical. Mot. 23. BMS Defendants' interpretation, however, takes all reasonable inferences in favor of BMS Defendants, and not in favor of Cortés, as is required under the motion to dismiss standard. <u>Mehta</u> v. <u>Ocular Therapeutix, Inc.</u>, No. 19-1557, 2020 WL 1808366, at *8 (1st Cir. Apr. 9, 2020). Moreover,

---

[3] The Court may consider an EEOC charge referenced in the complaint without converting the motion to dismiss into a motion for summary judgment. <u>Pratt</u> v. <u>Premier Salons, Inc.</u>, 67 F. Supp. 3d 520, 522 (D.P.R. 2014). The Court does not convert the motion to dismiss into a motion for summary judgment.

while BMS Defendants for the most part[4] correctly cite general propositions of Puerto Rico law concerning identity, they fail to address cases such as <u>Vazquez Robles</u> v. <u>CommoLoCo, Inc.</u>, 252 F. Supp. 3d 111, 115 (D.P.R. 2017) (Besosa, J.) (holding Puerto Rico Anti-Discrimination Unit complaint that sought only injunctive relief does not toll the one year statute of limitations on Law 44 claim seeking monetary damages), and <u>Torres</u> v. <u>Junto De Gobierno De Servicio De Emergencia</u>, 91 F. Supp. 3d 243, 256 (D.P.R. 2015) (Gelpí, J.) (holding EEOC complaint on ADA claim tolls interrupted limitations provision as to Law 44 claims).  Accordingly, considering the nascent stage of the proceedings and undeveloped record, the Court rules that there is at least some doubt that the claims are time-barred at the motion to dismiss stage.  Accordingly, the motion to dismiss on statute of limitations grounds is <u>DENIED</u> but without prejudice.

**SO ORDERED.**                    /s/ William G. Young
                                   WILLIAM G. YOUNG
                                   DISTRICT JUDGE

---

[4] BMS Defendants' reliance on <u>Serrano-Baez</u> v. <u>Footlocker</u>, 182 D.P.R. 824 (2011) is misplaced.  That case does not stand for the proposition stated by BMS Defendants, that neither a Law 80 nor Law 115 claim brought in an administrative claim interrupt the statute of limitations. Mot. Dismiss 21. Rather, in <u>Serrano-Baez</u>, the Puerto Rico Supreme Court expressly held that it did not address the question as to Law 80 where the underlying administrative claim was untimely. <u>Id.</u> at 836. <u>Serrano-Baez</u> did not address Law 115 at all.